## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MELVIA CLEMMONS, et al.,** | ) | |
| | ) | |
| **Plaintiff-Intervenors,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **CV 01-0087-M** |
| **BELLSOUTH TELECOMMUNICATIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CONSENT DECREE

## I. INTRODUCTION

On February 2, 2001, the Commission brought this action against Defendant to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII") to correct allegedly unlawful employment practices on the basis of race. The Commission alleged that Defendant BellSouth Telecommunications, Inc. ("BellSouth" or "BST") engaged in a pattern and practice of discrimination and disparate treatment against African American employees in the BellSouth Mobile, Alabama Network Operations and Consumer Services facilities ("Mobile Exchange Area Facilities"), in violation of Title VII, including failing and refusing to promote BST African American employees to supervisory and non-

supervisory management positions (job grades 57, 58 and 59), failing and refusing to allow African American employees to participate in management assessment and testing required for promotion to entry level management jobs or otherwise treating them less favorably than similarly situated White employees who were promoted and invited and allowed to participate in assessment testing and training programs. Charging Parties Melvia Clemmon, Carol Brandon, Antoinette Blakeley, Leon Burroughs, Leroy Curry, Deborah Davis, Debra Jones, Patricia Jenkins, Laverne Kidd, Dominic Lewis, Bruce Mitchell, Calvin Rencher, Franklin Scruggs and Leonard Steill subsequently intervened in the lawsuit as plaintiffs ("Plaintiff-Intervenors"). The claims of these Plaintiff-Intervenors and the claims of 9 other claimants alleged by the EEOC to be similarly situated are resolved by this Consent Decree and Settlement.

This Decree is being issued with the consent of all parties and does not constitute and shall not be deemed to be either an adjudication or finding by this Court or an admission by any party as to the merits, validity or accuracy of any of the allegations, claims or defenses of any party in this case. By entering into this Decree, BellSouth does not admit or concede, expressly or impliedly, and in fact denies that it has in any way violated Title VII, 42 U.S.C. § 2000 et seq, Title I, 42 U.S.C. § 1981, the common law of any jurisdiction or any other federal, state or local law, statutes, ordinance, regulation, rule or Executive Order, or any obligation or duty arising at law or in equity. BellSouth has denied all of the allegations made by plaintiffs in this action and contends that it has treated all of its African-American employees in its Mobile Exchange Area Facilities in a fair, equitable and non-discriminatory manner, including opportunities for training, testing, assessment and promotions.

The EEOC, the Plaintiff-Intervenors and Defendant BellSouth desire to amicably resolve and settle all disputes and matters now in controversy between them without further litigation. The parties have carefully considered, *inter alia*: the claims asserted by the EEOC, including those claims brought by it alleging that BellSouth discriminated against BST African American employees in Mobile Exchange Area Facilities during the time period 1996 to the present; the claims asserted by each of the Plaintiff-Intervenors; the defenses asserted by and available to BellSouth; the record in this case; and the risks, costs, expenses and uncertainties of litigation. Therefore, the signatories hereto stipulate and consent to the entry of this Decree as final and binding between them and their successors and assignors.

## II. GENERAL PROVISIONS

A.    The parties agree that this Court has jurisdiction over the subject matter of this action and of the parties and claimants covered by this Decree.

B.    This Consent Decree resolves all issues that were alleged or could have been alleged in the Complaint or at any time during the litigation up to and including the date of the entry of this Consent Decree, including allegations that BellSouth violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq., and 42 U.S.C. 1981, by retaliating against African American employees and by engaging in a pattern and practice of discrimination in the Mobile Exchange Area Facilities, including failing and refusing to promote African American employees to management positions, discriminating against African American employees in its use of

3

management assessment and testing for promotions, failing and refusing to allow African American employees to participate in such management assessment and testing, and otherwise treating African American employees less favorably than similarly situated White employees.

C.   This Consent Decree shall become effective upon its entry by the Court and the term thereof shall commence from the date of entry.

D.   The parties will not publicize the terms of this Consent Decree until it has been entered by the Court. The EEOC and BellSouth have agreed that this Consent Decree and the settlement of this lawsuit will be publicized exclusively by their joint issuance of the press statement attached as Exhibit A.  The EEOC and BellSouth have agreed that neither party will hold or participate in a press conference regarding the allegations made in this lawsuit, the settlement of this lawsuit, or this Consent Decree and neither will initiate any other public statement upon these subjects other than the aforementioned joint issuance of the attached Exhibit A.  Further, in responding to all inquiries or statements, including from the media or other third parties, regarding the resolution of this lawsuit, the allegations made in this lawsuit, or this Consent Decree, the EEOC's comments shall be in tone and content consistent with Exhibit A.

E.   The EEOC and the Defendant agree to bear their own attorney's fees and costs.

### III. <u>MONETARY RELIEF</u>

A.   In monetary consideration for the claims of the 14 Plaintiff-Intervenors

and the 9 claimants identified by the EEOC, including all claims for backpay, compensatory damages and the attorneys fees and costs incurred by Plaintiff-Intervenors and the separate attorneys representing them, BellSouth will pay up to $883,000 (less applicable tax withholdings) consistent with the terms of paragraphs III B and C below.

**B.**     BellSouth and each of the Plaintiff-Intervenors and their counsel have reached confidential settlement agreements ("Individual Settlement Agreement") through a Court supervised mediation process. The EEOC agrees that it will not disclose the terms of these Individual Settlement Agreements in accordance with BellSouth's and the Plaintiff-Intervenors' mutual promises of confidentiality.

**C.**     BellSouth has agreed with Plaintiff-Intervenors and the EEOC as to the amounts of the settlement monies available under paragraph A allocable to each Plaintiff-Intervenor and their attorneys and to the EEOC for distribution to the 9 claimants for whom the EEOC has raised claims. The EEOC has specified to BellSouth the settlement payment amounts for each of the 9 claimants and BellSouth agrees that the amount specified for each claimant is an equitable distribution of the settlement monies allocable for EEOC distribution.  It is understood that payment of each specified settlement amount is for the release of claims of each claimant, as outlined in a separate, general release between each claimant and BellSouth, one of which is a claim arising under Title VII of the Civil Rights Act. Each claimant's eligibility to receive a payment hereunder is

5

expressly conditioned and dependent upon the claimant's full and final release of all claims in favor of BellSouth and the claimant's execution of an agreement and release of claims with terms acceptable to BellSouth. The EEOC agrees that it will not disclose the individual settlement payment amounts.    Each claimant shall be afforded sufficient time to consult with counsel of his/her own choice regarding the release and agreement he/she must execute as a condition to receiving a payment hereunder. BellSouth will forward a check in the aforementioned specified amount (less applicable tax withholdings) within thirty (30) days following the entry of this Consent Decree and receipt of a fully executed, acceptable and binding release and agreement from each claimant.    The check shall be made payable to each claimant from whom a release has been obtained, and should be mailed to the claimants by certified mail, with a copy of each check mailed to Eunice H. Morrow, Senior Trial Attorney, EEOC, Birmingham District Office, 1130 22nd Street South, Birmingham, Alabama 35205.

## IV. <u>INJUNCTIVE RELIEF</u>

A.    BellSouth commits that during the term of this Decree, it will make its best efforts to fill at least two additional Network Services entry level management positions in its Mobile Exchange Area Facilities with qualified African-American candidates.    The parties understand that BellSouth's ability to do so will depend upon the number of positions available and the availability of qualified applicants.  The parties shall by

mutual agreement identify a minimum of 2 "priority" candidates from the claimants and Plaintiff-Intervenors covered by this Decree who are currently employed at BellSouth. Priority candidates who apply for an available entry level management position during the term of this Consent Decree will be referred to the selecting manager for prompt consideration. If a priority candidate applies and the entry level management position is filled by a non-minority candidate, BellSouth shall specify the reasons in writing as to why the priority candidate was not selected. BellSouth shall submit such statements of reasons for a priority candidate's non-selection to the EEOC as part of the reporting process set forth herein.

**B.**     During the term of this Decree, BellSouth will submit to the EEOC copies of its equal employment opportunity-related training materials as they are distributed to BST Mobile Exchange Area management employees. BellSouth will submit this material to the EEOC within 120 days of its distribution to management employees. The same or similar training will be made available to management employees in BST Mobile Exchange Area Facilities during the terms of this Decree. BellSouth will in good faith consider for implementation any recommendations that the EEOC may make for improvements with respect to such training at its Mobile Exchange Area Facilities.

**C.**     Within 120 days of the date of entry of this Decree, BellSouth shall post the attached Notice appended as Exhibit B hereto in a prominent place where employee notices are otherwise posted at BST Mobile Exchange

Area Facilities with 5 or more employees.   Such Notice shall be maintained at such locations for the term of this Decree.

**D.**   BellSouth shall not use the BMAT test as a selection device for promotion to BST management jobs in the Mobile Exchange Area Facilities.   In the event that during the term of this Consent Decree, BellSouth should wish to replace FLMDP with a device or test to qualify candidates for promotion to first and/or second level management jobs in Network Services in the Mobile Exchange Area, BellSouth shall first validate such device or test in accordance with the Uniform Guidelines on Employee Selection as set forth currently at 29 C.F.R. Section 1607 et seq. and shall provide the EEOC with its validation study prior to implementing that new selection device or test.   The EEOC shall have 60 days to raise objections to the implementation of the device or test.   If the EEOC objects, the EEOC and BellSouth shall meet and confer in an effort to resolve the EEOC's objections.   If mutual agreement cannot be reached, either party may petition this Court, during the term of this Decree, for approval to submit the device or test and the validation study thereof to a qualified firm or individual acceptable to the Court for review.   If the independent reviewer appointed to do so does not approve the device or test, BellSouth shall not implement the device or test during the term of this Decree.

**E.**   Within 120 days of the effective date of this Decree, BellSouth agrees to notify all BST Mobile Exchange Area Network Services non-management

8

employees of its policies which pertain to the First Level Management Development Program (FLMDP). BellSouth shall distribute such policies which are applicable to FLMDP as administered in the Mobile Exchange Area Facilities to each BST non-management employee.

F.   BellSouth shall not retaliate against any Plaintiff-Intervenor or claimant covered by this Consent Decree in violation of Title VII because the Plaintiff-Intervenor or claimant has complained concerning the matters raised in this action, filed a charge regarding the same, participated in any manner in the investigation and prosecution of this action, receives any relief hereunder or asserts any rights under this Decree.

G.   BellSouth commits that, during the term of this Decree, it will notify each of the non-management claimants and Plaintiff-Intervenors covered by this Decree and then currently employed by BellSouth of each available entry-level management vacancy in BST's Mobile Exchange Area Facilities. Such notification shall provide sufficient time to enable those notified to apply for the entry level management position that is available. The notice should list the minimum qualifications for the position, the expected starting date, the procedure for submitting any application, the deadline for receipt of such an application, and the location of the job and its functions.

H.   Defendant agrees to provide the Commission with semi-annual reports during the terms of this Decree. The reports shall include the following information: (a) the identities of all individuals promoted to management

positions in BST Mobile Exchange Area Facilities, including by way of identification, each person's name, race, position, and the date of the promotion; (b) copies of the equal employment opportunity - related training materials as distributed to BST Mobile Exchange Area Facility employees during the term of this decree and a list of all BST Mobile Exchange Area Facility employees trained during the term of this decree; and (c) copies of the notifications sent to the employed claimants and Plaintiff-Intervenors regarding management positions in the Mobile Exchange Area Facilities during the term of this Decree. Defendant shall submit the reports to the Commission four (4) months after the date of entry of this Consent Decree and every six months thereafter during the term of this Decree. All reports to the EEOC shall be sent to the attention of the Senior Trial Attorney Eunice Holt Morrow, 1130 22nd street South, Suite 2000, Birmingham, Alabama 35205, unless BellSouth is notified by the EEOC in writing of a change in the reporting contact person. These reports will be used for internal monitoring purposes only and will not be made public or disclosed to anyone outside the EEOC. Insofar as any report may be relevant to proceedings concerning the enforcement of this Decree, the use of the report shall be subject to an appropriate protective order in accordance with the Federal Rules of Civil Procedure.

## V. RETENTION OF JURISDICTION AND DURATION OF CONSENT DECREE

This Decree shall remain in effect for a period of two (2) years. During its terms, the EEOC and BellSouth agree that they will meet and confer regarding any and all

issues concerning compliance with the terms of this Consent Decree. If a question of compliance arises, the EEOC shall give written notice to BellSouth of its alleged non-compliance and BellSouth shall have a minimum of sixty (60) days to cure any non-compliance. If the EEOC believes that the alleged non-compliance has not been cured, the parties shall meet and confer to exhaust their attempts to resolve the issue of non-compliance.

The Court shall retain jurisdiction over this matter and the parties for the purpose of enforcing compliance with this Consent Decree. If the aforesaid efforts between the EEOC and BellSouth fail to resolve an issue of non-compliance, either party may seek the Court's assistance to enforce the terms hereof.

Respectfully Submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Charles E. Guerrier
Regional Attorney

Prisca DeLeonardo
Supervisory Trial Attorney

11

**Eunice Holt Morrow**
Senior Trial Attorney

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Birmingham District Office
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 731-0628

**FOR BELLSOUTH
TELECOMMUNICATIONS,
INC.**

**Chris Mitchell**
**CONSTANGY BROOKS &
SMITH, LLC**
Suite 1410 AmSouth Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

Upon consideration of the above, the Court approves the Consent Decree and **IT IS SO ORDERED**.

Done this ___16th___ day of ___October___, 2003.

BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

12

# EEOC News

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
1130 22nd Street South, Suite 2000

Birmingham, AL 35205-2881

(205) 731-0082
TTY (205) 731-0175
FAX (205)
731-2101

EXHIBIT A

FOR IMMEDIATE RELEASE
TBD

Communications and

CONTACTS:

EEOC
David Grinberg
Office                          of

Legislative Affairs
(202) 663-4921

BellSouth
Necole Merritt
Media Relations
(404) 249-3909

## JOINT PRESS RELEASE

## EEOC and BellSouth Settle Race Bias Suit

### *Plaintiffs receive monetary and other relief*

**Mobile, Ala.** – The U.S. Equal Employment Opportunity Commission (EEOC) and BellSouth today announced they have reached an agreement in the EEOC vs. BellSouth Telecommunications, Inc., lawsuit that both parties believe is in the best interest of the company and the plaintiffs. This agreement allows the parties to resolve a two and a half year old employment discrimination lawsuit under Title VII of the 1964 Civil Rights Act.

Under the settlement agreement, the 14 plaintiff intervenors, three attorneys' firms representing the plaintiff intervenors and nine additional claimants identified by the EEOC will receive a total of $883,000, including attorneys' fees. The agreement settles all claims of alleged discrimination against the African American employees in BellSouth's Network Operations and Consumer Services Facilities in the   Mobile Area who were plaintiff intervenors or claimants in the lawsuit.

"We are pleased with this resolution and commend BellSouth for its efforts in working with the EEOC to resolve this case without the necessity of a trial. This Consent Decree benefits not only the individuals who will share in the settlement fund, but other BellSouth African American employees as well," said Donald P. Burris, EEOC Birmingham District Director (Acting).

Page 2

The EEOC's lawsuit, filed in February 2001, alleged that BellSouth discriminated

against African American employees in its Mobile Area  Network Operations and Consumer Services Facilities by failing to promote or provide the claimants with opportunities that could potentially lead to higher-level positions.  BellSouth denies these allegations and admits no liability through this settlement.

"At BellSouth, we seek to attract and maintain a highly skilled and diverse workforce, and provide each individual an opportunity to grow and to excel," said Necole Merritt, company spokesperson.  "BellSouth's inclusion strategy emphasizes the full utilization and engagement of every employee at all levels of the company. BellSouth's policy is to provide equal employment opportunities to all persons without discrimination because of race, color, religion, national origin, sex, sexual orientation, age, veteran status, or disability."

In addition to the monetary settlement, BellSouth has also agreed to provide individual notice to currently employed claimants of available entry-level management vacancies occurring in the Mobile Area Facilities, continue to train its managers on their responsibilities under Title VII and submit periodic reports to the EEOC.  Also, the company will continue to use the First Level Management Development Program (FLMDP) to select candidates in Network Operations and will ensure any other selection tool that may be used meets EEOC guidelines.

Title VII makes it illegal to deny a person any employment opportunity because of that person's race or color, sex, religion or national origin.  It further prohibits retaliating against a person for making complaints about treatment s/he reasonably believes to be discriminatory.

In addition to enforcing Title VII, the EEOC enforces the Age Discrimination in Employment Act, which protects workers age 40 years and older from discrimination based on age; the Equal Pay Act; Title I of the Americans with Disabilities Act, which prohibits employment discrimination against people with disabilities in the private sector and state and local governments; prohibitions against discrimination affecting individuals with disabilities in the federal government; and sections of Civil Rights Act of 1991. Further information about the Commission is available on the agency's web site at www.eeoc.gov.

## NOTICE

## AS REQUIRED UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

BellSouth Telecommunications, Inc. agrees to the following:

Federal law requires that there be no discrimination against any employee or applicant for employment, because of such person's race.

BellSouth will continue to comply with such federal laws in all respects and will not discriminate against any employee because of the person's race.

BellSouth affirms that it is unlawful for an employer to discriminate against an employee based on race. It further affirms that it is unlawful for an employer to in any manner retaliate against any individual who opposes or assists one in opposing race discrimination.

Signed this _____ day of _____, 2003.

_____

**FOR BELLSOUTH TELECOMMUNICATIONS, INC.**

**EXHIBIT B**